RICHARD SEVIER v. The STATE.

CRIMINAL PRACTICE. *Continuance, affidavit for, insufficien when.*

A prisoner was jointly indicted with one Wilson for malicious shooting. At the trial he read his affidavit for a continuance, setting forth that his co-defendant was a material witness for him; that he could not safely go to trial without his testimony, that he could not prove the facts so fully by any other witness; that a subpœn had been served out for him and returned not found; that he was not in attendance; that he resided in the country as a steamboat man; that affidavit believed he could have him at the next term of court; that he would have had the subpœna issued sooner, but he believed that he could be at court; that it was low water, and witness remained home at low water; and the continuance was not asked for delay, but that justice might be done. *Held,* that in refusing a continuance upon his affidavit, the court below committed no error

2. SAME. Application for continuance are addressed to the discretion of the inferior courts, and the Supreme Court will never interfere with their judgments in this and other matters of practice without reluctance, except in cases where without such interferance injustice must necessarily be done.

WRIGHT J. delivered the opinion of the Court:

The plaintiff in error and one John Wilson at the August Term, 1859, of the Criminal Court of Davidson county, and on the second day of the month, were jointly indicted for malicious shooting. At the same term of the court and four days thereafter, the plaintiff in error, being in custody, the Attorney General, on the part of the State, elected to go to trial as to him in the absence of the other defendant. The plaintiff in error thereupon, by his counsel, moved the court to continue the cause on account of the absence of said Wilson, which motion was overruled and he was put upon his trial and convicted and his term of service for the offence, fixed by the jury, at six years confinement in the penitentiary of the State. He moved for a new tri-

Sevier v. The State.

al, but this was also overruled by the Criminal Court, and judgment pronounced upon the verdict, and he has appealed to this court.

In support of the motion for a continuance, he read his own affidavit in which he stated that said Wilson was a material witness for him ; that he could not go safely to trial without his testimony ; that he could not prove the same facts so fully by any other witness ; that a subpoena had been sued out for him and returned not found, and that he was not in attendance ; that he resided in the county as a steamboat-man, and he believed that he could have him at the next term of the court ; that he would have had the subpoena issued sooner for the witness, but he believed he would be at the court, it being low water and he remained at home at low water ; that the continuance was asked not for delay, but that justice might be done him.

A new trial is now claimed at the hands of this court, because the continuance was refused. The writer of this opinion was under the impression that the affidavit was defective in not stating, even though it was the first term, what Wilson, the witness, would swear to ; but in this he finds himself clearly mistaken. Nelson v. the State, 2 Swan 482. (1) But if an affidavit so general in this respect is to be allowed, surely, in other respects, it should contain every reasonable certainty, especially where, as is the case here, an accomplice is to be the witness. An application for a continuance is addressed to the sound discretion of the Criminal Court, and we have repeatedly held that we interfere with the judgments of inferior courts, with reluctance, upon matters of practice or things involving an exercise of legal discretion, and that we will never do so,

(1) State v. Morris, 1 Tenn, 211, 220.

except in cases of palpable mistake, without the correction of which, injustice must necessarily be done. 5 Hum. (567 ;) Ib. 599 ; 10 Yerg. 259 ; Meig's Rep. 197 ; 2 Swan, 486. (2)

Conceding then that under some circumstances, John Wilson might have been a competent witness in the case, still, we cannot say the Criminal Court committed any error in refusing the continuance. From aught that appears in this affidavit, Wilson may have been absent by consent, or procurement of the defendant on purpose to obtain a continuance. He is not shown to have been out of the county, nor any valid reason given why he was not served. Nor is it shown *when* the subpœna issued and what time was allowed the officer, if indeed an officer had it, to execute it. And it is reasonably to be inferred from the affidavit itself, that proper diligence would have insured the presence of the witness. Another matter is to be observed, and which we suppose it proper for us now to look at, and that is, that it is not rendered probable, from any thing disclosed in the affidavit, that the plaintiff in error is innocent of the offence whereof he stands convicted. Bellew v. the State, 5 Hum. 568-8 ; Knight v. the State, 5 Hum. 599, 600.

The facts upon which the prisoner was convicted not being set forth in the record, we cannot doubt his guilt ; and there being no error in refusing the continuance, the judgment of the Criminal Court is affirmed.

*Judgment affirmed.*

(2)Gray v. The State, 10, Yerg. 258, 259 ; Goodman v. The State, Meigs, 195, 197 , Nelson v. The State, 2 Swan, 482, 486.