## Fox *v.* State.

*(Knoxville.*    September Term, 1903.)

1. **CRIMINAL LAW.** Continuances should be allowed only that justice may be done.

    While it has become settled law in this State that the allowance of a continuance rests in the sound discretion of the trial judge, that discretion should always be exercised so as to secure as speedy a settlement of the litigation as may be consistent with the orderly and correct disposition of business and administration of justice; and no continuance ought to be allowed unless it be made clearly to appear to the court that it is necessary for the attainment of justice. (*Post, pp.* 158-159, 160.)

    Cases cited: Pitts v. Gilliam, 1 Head, 549; Sevier v. State, 1 Tenn., Cas., 129; Garber v. State, 4 Cold., 161; Walt v. Walsh, 10 Heisk., 314; Rexford v. Pulley, 4 Baxt., 364; State v. Rigsby, 6 Lea, 554; Womack v. State, 6 Lea, 146; Jones v. State, 10 Lea, 588; Brown v. State, 85 Tenn., 439.

2. **SAME.** Same. Affidavits for continuance must be special at first as well as subsequent term. General rule.

    While under conditions fifty years ago it may have been proper to grant greater indulgence in the preparation of cases for trial, yet in view of the changed conditions of the country, the present superior facilities for communication, procuring information and securing the attendance of witnesses, trial courts should be more stringent in relation to continuances than formerly, and an affidavit in support of an application for a continuance cn account of absent witnesses, whether offered at the first or a subsequent trial term, should be special and state the names and residences of the witnesses, and the facts expected to be proven by each of them, in addition to the usual requisites of such affidavits, so that the court may see and

Fox v. State.

judge whether the evidence desired is relevant, competent and material. (*Post, pp.* 157-165.)

Case overruled on point that affidavit at first trial term need not be special: Nelson v. State, 2 Swan, 483.

3. **SAME.** **Special affidavit excused, when.** **Arguendo.**

Cases may arise in which the applicant for a continuance can not state with certainty the facts expected to be proved by the absent witnesses, or even the names of the witnesses, but in such cases the reasons why the applicant is unable to set out the testimony of the absent witnesses, and in other respects conform to the rule stated in the last headnote, should be fully stated in the affidavit in order that the trial judge may be satisfied as to the good faith and diligence of the applicant before granting a continuance. (*Post, pp.* 163-164.)

4. **SAME.** **Refusal of continuance not ground for reversal' though erroneous, when defendant not prejudiced thereby.**

It is well settled that a refusal of a continuance for absent witnesses, even upon a sufficient affidavit, is not ground for reversal, where it appears upon the trial that the evidence sought to be obtained was incompetent, or immaterial, or was supplied by other witnesses, or for any reason the defendant was not prejudiced by the refusal of his application. (*Post, pp.* 159-160, 165.)

Cases cited and approved: Porter v. State, 3 Lea, 496; Womack v. State, 6 Lea, 146; Delaney v. State, 7 Baxt., 28; Taylor v. State, 11 Lea, 715.

---

### FROM JEFFERSON.

---

Appeal in error from Circuit Court of Jefferson County.—G. McHENDERSON, Judge.

SWAN & FRENCH and C. T. RANKIN, for Fox.

ATTORNEY-GENERAL CATES, for State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

A presentment was found July 15, 1903, by the grand jury of Jefferson county against the plaintiff in error, containing two counts; the first charging him with unlawfully selling intoxicating liquors; and the second, allowing and permitting illegal sales of such liquors to be made upon his premises and land by other persons, to the grand jurors unknown, after due notice of the illegal character of such sales; the presentment being predicated upon the act of the general assembly passed for the suppression of illegal sales of intoxicating liquors April 7, 1899, and published as chapter 161, p. 309, of the acts of the general assembly of that year. He was immediately arrested, and upon the next day his application for a continuance, supported by a general affidavit of absence of material witnesses, was denied, and he was put upon his trial, and found guilty upon the second count of the presentment, fined $50, and sentenced to the workhouse of the county for six months. The case is now before this court upon appeal, in the nature of a writ of error.

The plaintiff in error assigns as error the action of the trial judge in refusing him a continuance at the first term at which the case was triable, upon his general affi-

Fox v. State.

davit. It is stated in this affidavit that the plaintiff in error had only been arrested one day; that he had not had time to prepare his case for trial, on account of being engaged in other matters in court; that Harris Brown and R. S. Swan were material and necessary witnesses in his defense, to the charges preferred against him, and that they were in the State of Texas, and it was impossible to procure their presence at that term of the court; that there were a number of witnesses living in Sevier county, fifteen or twenty miles distant, who were material to his defense, and with whom he had been unable to confer or communicate or have present at that term; and also that William Burchfield was a material witness for his defense, had been duly summoned, but was sick and unable to attend court. But the facts expected to be proved by these witnesses were not stated. The affidavit contained all other essential statements. The contention of the plaintiff in error is that upon this affidavit, containing only a general statement that the evidence of the absent witnesses was material and necessary to his proper defense, and other essential requisites of such an affidavit, was sufficient at the first trial term to entitle him to a continuance, and that it was not necessary that the purport of the evidence or facts he expected to prove by the absent witnesses be set forth therein. This contention cannot be sustained, for two reasons.

1. The affidavit should have set forth the facts proposed to be proved by the absent witnesses. It is true

that it is said in the case of *Nelson* v. *State,* 2 Swan, 483,
484, and some later cases, that the proper practice is to
allow a continuance in civil and criminal cases at the
first term at which the case stands for trial, upon a gen-
eral affidavit, but that at subsequent terms the affidavit
must be special—that is, must disclose the name or
names of the absent witnesses, and the facts to be proven
by them; but so many exceptions to this rule have been
allowed, especially of late years, that there can now
hardly be said to be any very definite rule upon the sub-
ject, but the allowance or refusal of continuances is left
largely to the discretion of the trial judge. Indeed, in
the leading case relied upon by plaintiff in error (*Nelson*
v *State*), it is said: "It has often been decided by this
court that continuances are, and should be, left much to
the discretion of the circuit judge, and we now say that
it would require a very strong case of abuse of this dis-
cretion to authorize this court to interfere." In cases
subsequently determined by this court it hase been re-
peatedly held, in substance, that in all cases the allow-
ance of a continuance rests in the sound discretion of the
trial judge, and his refusal to grant it would not be re-
viewed by this court unless it is made to clearly appear
that he has improperly exercised or grossly abused that
discretion, the rights of the parties sacrificed, and injus-
tice done. *Pitts* v. *Gilliam,* 1 Head, 549; *Sevier* v. *State,*
1 Tenn. Cas., 129; *Garber* v. *State,* 4 Gold., 161; *Walt*
v. *Walsh,* 10 Heisk., 314; *Rexford* v. *Pulley,* 4 Baxt., 364;
*State* v. *Rigsby,* 6 Lea, 554; *Womack* v. *State,* 6 Lea, 146;.

*Jones* v. *State,* 10 Lea, 588; *Brown* v. *State,* 85 Tenn. (1 Pickle), 439, 2 S. W., 895.

In the case of *Taylor* v. *State,* 11 Lea, 714 (a capital case), the trial judge refused a continuance, at the first term of the court at which the case stood for trial, upon a general affidavit of the absence of material witnesses; and it was held by this court not to be reversible error, it appearing from the record that the defendant was not prejudiced.    Similar to this was the case of *Brown* v. *State,* 85 Tenn. (1 Pickle), 441, 2 S. W., 895, where the plaintiff in error was indicted, tried, convicted, and sentenced to death at the same term of the court; a continuance having been denied upon a general affidavit on account of the absence of witnesses.

In *Crane* v. *State,* 94 Tenn., 86, 28 S. W., 317 (a felony case), it was held that there was no error in the action of the trial court in refusing a continuance at the first term upon a general affidavit of the absence of witnesses stated to be material, when no defense to the charge was indicated in the affidavit or upon the trial.    Numerous other like cases are to be found in the decisions of this court.    The only reason given in the case of *Nelson* v. *State,* supra, in support of the practice of allowing a continuance at the first trial term upon a general affidavit of the absence of witnesses, is that at that term the party asking for it may not have had sufficient time to ascertain by whom he would be able to prove the particular facts material to support his case or make out his defense, and therefore he should not be required to make

a special affidavit. We can see no other reason that could be assigned for allowing the delay consequent upon a continuance and no continuance should have been allowed under this rule, unless it clearly appeared that the party applying therefor was laboring under such a disadvantage.

When the case of *Nelson* v. *State* was decided—more than fifty years ago—the country was sparsely settled, and travel and communication between different points and sections was slow and often difficult, and conditions then existed which made it reasonable that greater indulgence be given parties in the preparation of cases for trial. But no such conditions are now found. Transportation is now cheap and rapid, and there exists almost instant communication by telegraph and telephone between all points of any importance in the country. Parties are now enabled to communicate with witnesses in a very short time at almost any point, and they should be held to greater diligence in procuring their attendance, and the preparation of their cases for trial.

One of the chief reproaches that has been cast upon the courts of the country, and in some instances not without cause, is the law's delay in the trial of cases and the settlement of controversies; and it ought to be minimized to the shortest time possible, consistent with the orderly and correct disposition of business and administration of justice. No delay in the trial of any case ought to be allowed unless it be made to clearly appear to the court that it is necessary for the attainment of justice. No

Fox v. State.

continuance should be permitted, at any term when the case is triable, on account of absence of witnesses, unless what the witnesses would testify to, if present, is clearly and fully stated, so that the court may judge of the materiality and competency of the evidence sought to be procured. These are questions of law which the court must determine when the evidence is offered, and they can be settled in advance in this way, and, where the evidence is found to be incompetent, needless delay avoided.

It is well said in *Rhea* v. *State,* 10 Yerg., 260, that "the opinion of the litigant upon these matters can constitute no safe or proper ground for the action of the court." Continuances are frequently allowed upon general affidavits of the absence of witnesses whose evidence when offered upon the subsequent trial is found to be wholly incompetent, and the continuance has only resulted in needless expense and delay, which would not have occurred had the facts proposed to be proven by the witness been stated in the affidavit, as the court would have then denied the continuance. Again, continuances are often procured in this way, particularly in criminal cases, in order that the witnesses for the State may be tampered with, or may be induced to remove beyond the jurisdiction of the court or that they may voluntarily do so, and it be impossible to obtain their testimony at a subsequent term. It is the duty of courts to try and determine all litigation therein pending without unnecessary delay, and as speedily as possible, consistent with the

Fox v. State.

rights of the parties.    Plaintiffs have the right to have
their wrongs redressed and their rights enforced
promptly and without delay.    Defendants in criminal
cases who are innocent are entitled to speedy trials, that
the suspicion and cloud cast upon them by the charges
preferred against them be removed, and the guilty should
receive certain and prompt punishment.    We think, in
view of the changed conditions of the country, and the
present superior facilities for communication, procuring
information, and securing attendance of witnesses, that
the trial courts should be more stringent in relation to
continuances than formerly; and we hold the proper
rule and practice now is to require, in all cases, criminal
and civil, at the first or subsequent trial terms, the affi-
davit offered in support of an application for a continu-
ance on account of the absence of witnesses to be special,
and to state the names and residences of absent wit-
nesses, and the facts expected to be proved by each of
them, in addition to the other usual requisites of such
affidavits, so that the court may see and judge whether
the evidence desired is relevant, competent and material,
and that no continuance be allowed without such state-
ments, or the failure to make them satisfactorily ex-
plained, as hereinafter pointed out; and the trial judge
was correct in enforcing it in this case.    There is no
hardship in this rule.    On the contrary, injustice is done
the party ready for trial when the other has no real
ground upon which to ask delay.    The law provides

Fox v. State.

when cases shall stand for trial, and all litigants are
bound to know and take notice of it, and to be prepared.

In the case of *Nelson* v. *State,* supra, speaking of the
rule requiring a special affidavit at the second trial term,
the court says: "He [applicant for the continuance]
asks that the law fixing a certain time or term for his
trial shall be suspended in his favor, and should not com-
plain that he is required to show clearly that justice re-
quires it, as one of the terms on which the favor is
granted.    It may appear to the judge, when he states the
facts, that they would be of no avail to him, and that it
would be an injury to him to grant the postponement, by
an unnecessary accumulation of costs, and a great wrong
to the other side by the delay." And we can see no rea-
son why this should not apply as well to a continuance
at the first term.    There may rise cases in which the
party applying for the continuance cannot state with
certainty the facts expected to be proved by the absent
witnesses, or even the names of the witnesses, but they
will be rare; and in these there can be given some outline
of the evidence proposed to be offered, so that the court
may judge of its materiality.    In all such cases the dis-
cretion of the trial judge in continuances will be so exer-
cised as to prevent a sacrifice of the rights of parties and
injustice, but the reasons why the applicant is not then
able to give the facts to which the absent witnesses will
testify should be fully stated in the affidavit, that the
trial judge may pass upon their sufficiency, diligence, or
want of diligence, in the matter; and, before allowing a

continuance, he should be satisfied of the good faith of the application, and that the ends of justice require that it be done.

2.   The plaintiff in error was not prejudiced by being denied a continuance.   The evidence of the absent witnesses would not have availed him anything.   His guilt was fully proven, and he offered no evidence on the trial, or the motion for a new trial, to the contrary.   The four witnesses who were examined in behalf of the State testified that intoxicating liquors were sold in his barn, near and in sight of his residence and storehouse, on all days of the week, Sunday included, to all comers, with his knowledge and consent—a place being fitted up there, with barrels, faucets, funnels, measures, and glasses, for the purpose—and that he received at least a part of the proceeds.   A most flagrant and defiant violation of the statute was clearly shown.   It was not possible for any defense to be made, under these facts, other than that the sales were made under a proper license, or by discrediting the witnesses for the State, to do which no effort was made.   It cannot be contended that the absent witnesses were necessary in order to make out either of these defenses.   The records of the office of the county court clerk were accessible upon the first, and the neighbors and acquaintances of the witnesses were available to test their credibility.   The plaintiff in error was not examined in his own behalf, and failed in any way on the trial, or the motion for a new trial, to indicate that he had any defense.

Fox v. State.

Under these facts, had the action of the trial judge in refusing the continuance in the outset been error, it was obviated by the facts appearing upon the trials.    It is well settled by numerous decisions of this court that where a continuance is refused upon a sufficient affidavit, and it afterwards appears upon the trial that the evidence sought to be obtained was incompetent or irrelevant, or was supplied by other witnesses in attendance, or that the affidavit was false in any material part, or for any other reason the applicant has not been prejudiced, the error is cured, and no reversal will be allowed upon that ground.    *Porter* v. *State,* 3 Lea, 496; *Womack* v. *State,* 6 Lea, 146; *Delaney* v. *State,* 7 Baxt., 28; *Taylor* v. *State,* 11 Lea, 715.

There is therefore no error in this record, and the judgment of the circuit court is affirmed, and the case remanded, that the punishment adjudged may be imposed.