WILLIAM HENRY DOWLEN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

450 S.W.2d 788.

Court of Criminal Appeals of Tennessee. Feb. 2, 1968.

Certiorari Denied by Supreme Court May 20, 1968.

Thomas Guthrie and John R. Long, Jr., Springfield, for plaintiff in error.

George F. McCanless, Atty. Gen., Nashville, Robert H. Roberts, Asst. Atty. Gen., Nashville, James M. Porter, Dist. Atty. Gen., Springfield, for defendant in error.

## OPINION

GILLIAM, Judge.

The plaintiff in error and the defendant in error will hereinafter be referred to as they were in the lower court, that is, as the defendant and the State respectively.

The defendant, William Henry Dowlen, was indicted on March 29, 1967, by the Grand Jury of Robertson County for the offense of committing assault and battery upon the body of Joyce Sherrod, a female more than twelve years of age, with the intent to have unlawful carnal knowledge.

The defendant was arraigned in the Circuit Court of Robertson County on April 3, 1967; being indigent, the Honorable Thomas E. Guthrie, Jr., a member of the Robertson County Bar, was appointed to defend him. A special venire of twenty-five persons was ordered drawn on April 3, 1967. A petition for a psychiatric examination of the defendant and supporting affidavits were filed on April 10, 1967, and denied by the Court.

The Honorable John R. Long, Jr., a member of the Robertson County Bar, was appointed as additional counsel on April 10, 1967.

The case was tried on April 11, 1967, and a verdict of guilty of the charged offense was returned by the jury

fixing punishment at a term of twenty-one years in the state penitentiary.

A motion for a new trial was seasonably filed, and was heard on June 16, 1967. The motion was overruled by the Trial Court, to which the defendant excepted. The defendant moved in arrest of judgment, and this motion was also overruled. The defendant excepted and prayed an appeal, which was granted. The case is now before this Court for disposition.

The defendant, a man twenty years of age, left a coin laundry called the Quick Wash shortly after the prosecutrix, Mrs. Joyce Sherrod, a woman twenty-four years of age, had left.

The defendant approached Mrs. Sherrod outside the Quick Wash as she was preparing to leave; he asked her if she "sold it." She replied that she was married and had three children. The defendant said, "You will or I'll show you." The defendant reached inside Mrs. Sherrod's pick-up truck and grabbed the keys, and a brief struggle then took place. The defendant grabbed the shirt or blouse of Mrs. Sherrod, who jumped out of the car and started across the parking lot. Telling her that he would return the keys if she would not call the law, the defendant placed the keys on the fender of the truck. As Mrs. Sherrod picked them up and started to leave in the truck, the defendant jumped into the rear of the truck. Mrs. Sherrod drove down the highway at a high rate of speed to Vernon's Grill, which was about four tenths of a mile from the Quick Wash. The defendant began to beat on the window of the right door of the truck. Mrs. Sherrod pulled in at Vernon's Grill, stopped the truck and ran inside; the defendant fled. A short time later he was apprehended near the Quick Wash by

two police officers who had seen the truck speeding down the highway with someone in the back.

The defendant was taken to Springfield Police Station where he was booked and fingerprinted. The Chief of Police and the District Attorney General were called, and they advised the defendant of his rights. The defendant requested a lawyer, and he was not questioned. Photographs of the defendant were made for regular police identification, and an additional photograph was made of the defendant with his arm raised showing cuts on his arm and hand.

The first assignment of error is that the Court erred in overruling the defendant's motion for a continuance.

■ ■ The matter of continuance is largely up to the discretion of the Trial Judge. In an unreported case filed by the Supreme Court of Tennessee on March 2, 1962, styled Bobbie Poor v. State of Tennessee, the Court held that the matter of a continuance is within the sound discretion of the Trial Judge, citing Fox v. State, 111 Tenn. 154 & 158, 76 S.W. 815. In the unpublished case referred to above, the Court further stated:

"And his denial of a continuance will not be disturbed unless it satisfactorily appears that the right of the defendant to a fair trial has been impaired."

The defendant alleges that there was prejudicial excitement in the community as a result of certain newspaper articles published during the two weeks prior to the trial. Four days before the Trial, a hearing was held on a motion for continuance. After hearing all the evidence, the Trial Judge did not find cause to continue the

case, and the defendant did not renew his motion on the day of the trial. In Bass v. State, 191 Tenn. 259, 231 S.W.2d 707, the Supreme Court of Tennessee ruled that:

"(4) It does not affirmatively appear, however, that the defendant was prejudiced by the short time intervening between his indictment and trial. No evidence was introduced upon his motion for a new trial indicating how he suffered from the action of the court in failing to give him more time for the preparation of his defense. The second assignment of error must be overruled."

Because we are unable to see that any prejudice has resulted from the action of the Trial Court, this assignment of error is without merit and overruled.

■ The defendant assigns a second error to the effect that the Trial Judge erred in not hospitalizing the defendant for psychiatric examination under the provisions of Section 33-701 et seq. Tennessee Code Annotated. A petition was filed by counsel for the defendant on April 10. 1967, seeking a psychiatric examination for the defendant; affidavits were filed in support of the petition.

The record does not indicate that there was any hearing on this petition. On April 11, 1967, the attorneys for the defendant announced in open Court that he was ready for trial. There is no record of an exception by the defendant's attorneys as to the failure of the Trial Judge to have a hearing on the petition seeking a psychiatric examination for the defendant. Therefore, this assignment of error is overruled.

■ The third assignment of error is that the Court

erred in admitting in evidence a razor taken from the person of the defendant at the time of his arrest. It has long been the rule in this State that the possession of an instrument capable of being used to commit the crime is admissible. The defendant in no way attempted to explain his reason for possessing this dangerous weapon. Since it could have been the means employed by the defendant to force the victim to accept his advances, it was proper to admit such in evidence. This assignment is without merit and therefore overruled.

■ The fourth assignment of error is that the Court erred in admitting in evidence a photograph of the truck and broken glass.

The defendant complains that certain pictures or photographs of the pick-up truck driven by the victim should not have been admitted in evidence because these pictures were not made "on the spot." Although the picture itself was not made until the pick-up truck was brought to the police department parking lot, the victim, two policemen and other witnesses testified that the picture showed the broken window and other conditions of the truck just as they were when the truck was first seen at the "drive-in" where Mrs. Sherrod had stopped for help. For this reason, this assignment of error is overruled.

■ The defendant complains in the fifth assignment of error that his rights against self-incrimination have been violated as a result of a photograph being admitted in evidence which showed the defendant with his arm raised. The manner in which this photograph was taken showed the cuts received by the defendant when he broke the truck window in an attempt to attack the victim. Testimony that the defendant broke the window

with the use of his arm and fist was introduced, as well as testimony that the defendant was apprehended shortly thereafter. A number of witnesses testified that cuts were found on the defendant's arm at the time of his arrest and soon afterward, and that said cuts were still bleeding. In Turner v. State, 89 Tenn. 547, 15 S.W. 838, the Court states:

> "If the evidence, although not strictly admissible, is not of a character to damage the defendant, or as it has been otherwise expressed, if the court can clearly see that the error has not influenced the result, it is no ground for a new trial." Draper v. State, 4 Bax. [63 Tenn. 246] 254; Wilson v. Smith, 5 Yerg. [13 Tenn. 379] 381, 409; Clark v. Rhodes, 2 Heisk. [49 Tenn.] 206; Maddin v. Head, 1 Lea [69 Tenn.] 664; McAdams v. State, 8 Lea [76 Tenn. 456] 463.

> "And ordinarily, when a prisoner's guilt is made out clearly by positive testimony, it should be no ground for a new trial in this court that evidence was introduced which was not strictly admissible, if the court can see that the defendant was not prejudiced thereby." McAdams v. State, 8 Lea, 464.

Therefore this assignment of error is overruled.

■ The sixth and seventh assignments of error are that the evidence is contrary to the verdict and that there is insufficient evidence to support the verdict.

The verdict of a jury, approved by the Trial Judge accredits the testimony of the witnesses for the State and resolves all conflict in favor of the theory of the State. It shifts to the defendant the burden of showing that the evidence preponderates against the verdict and

in favor of the defendant's innocence. The defendant did not deny any of the evidence, including the facts that he accosted the woman, made improper advances to her, and attempted to force himself upon her against her will.

The defendant also insists that there was no battery perpetrated and that there is no evidence to show intent to have unlawful carnal knowledge against the victim's will. In the case of Rushing v. State, 196 Tenn. 515, 268 S.W.2d 563, the Supreme Court, in defining battery, states:

> "A battery is any unlawful beating or other wrongful physical violence or *constraint* inflicted on a human being without his consent." (Emphasis added.)

The prosecutrix, Joyce Sherrod, testified as follows:

A. I already had the motor running and all by that time. He asked me did I sell it.

Q. He asked you what?

A. He asked me did I sell it.

Q. Sell it?

A. Yes Sir.

Q. All right, what did you say?

A. I told him I was a married woman and had three kids.

Q. What did he say then?

A. He said something about "You will or I'll show you."

It was clearly the intention of the defendant to have carnal knowledge of the prosecutrix; as shown by his state-

ment, "You will or I'll show you," he was willing to use force if such were necessary to accomplish his purpose. Joyce Sherrod further testified:

Q. All right. I was going to say * * * Did you have any contact with him?

A. Yes Sir, we were scuffling over the keys.

Q. All right, then what happened?

A. He had hold of the front of the shirt I had on.

This undenied testimony clearly established intent and that a battery was made upon the body of Joyce Sherrod. This assignment of error is overruled.

The last assignment of error is that the punishment indicates passion, caprice and prejudice because it was fixed at the maximum allowed by law. The verdict of the jury for the maximum sentence of twenty-one years is set out in the statute. The burden is on the defendant to show that this was unreasonable punishment, and he failed to do this. We find no merit in the contention that the punishment imposed is an excessive one; it is within the limits fixed by the statute and within the sound discretion of the Trial Judge. This assignment of error is overruled.

There was no proof presented on behalf of the defendant.

This disposes of all the assignments of error. The Court overrules all of the assignments of error and affirms the Judgment of the Trial Court.

WALKER, P. J., and OLIVER, J., concur.