OLIVER ODEN, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 453 S.W.2d 441.

Court of Criminal Appeals of Tennessee. Jan. 14, 1970.

Certiorari Denied by Supreme Court April 6, 1970.

Charles R. Ables, South Pittsburg, for plaintiff in error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Harry Templeton, Dist. Atty. Gen., Winchester, J. Harvey Cameron, Asst. Dist. Atty. Gen., South Pittsburg, for defendant in error.

## OPINION

HYDER, Judge.

Oliver Oden, Jr., was convicted of robbery by the

use of a deadly weapon and sentenced to twenty five years in the penitentiary. His motion for a new trial was overruled, and he has filed an appeal in the nature of a writ of error.

Only one assignment of error has been filed in this Court along with the brief. This assignment of error contends:

> "The defendant was deprived of due process of law as he was indicted and scheduled to be tried for a capital offense, and the day of the trial, his attorney was forced to defend him under another indictment returned at another term of Court and without the opportunity of pleading to the new indictment or having an attorney appointed to represent him or to have a copy of the new indictment the statutory time required after arrest and return of the second indictment. All in violation of T.C.A. §§ 40-2003, T.C.A. 40-2006 and T.C.A. 40-2008."

The Technical Record, or Transcript, in this case contains: an indictment returned by the Grand Jury of Marion County on October 7, 1968, charging the defendant with robbery by the use of a deadly weapon; the order of the trial court of October 17, 1968, showing the jury trial, conviction, judgment and sentence of the defendant; the motion for a new trial filed November 15, 1968; and the order of the trial court of March 29, 1969, overruling the motion for a new trial, praying and granting an appeal with sixty days allowed for the filing of the bill of exceptions. The bill of exceptions was filed timely.

In his brief filed in this case the defendant contends that he was arrested in Alabama and waived extradition

to Tennessee on May 23, 1968; that he was arraigned in the trial court on June 1, 1968, and that on June 3, 1968 an attorney was appointed to represent him and a date set for his trial. He further asserts in his brief that he was transferred to the Tennessee State Penitentiary on June 11, 1968, and thereafter was returned to Marion County by order of the Circuit Court to stand trial. The technical record does not reveal any of the foregoing facts.

The defendant states in his brief that on the date of his trial, October 17, 1968, the District Attorney General produced a second indictment which the Grand Jury returned at the October term of court, that this indictment had not been served on the defendant and no copy of it given to him. The technical record does not reveal these facts.

As we have stated, the technical record contains only one indictment, returned October 7, 1968; and the trial of the defendant on the charge in that indictment on October 17, 1968 upon his plea of not guilty.

The bill of exceptions shows that at the commencement of the trial, on October 17, 1968, before the selection of the jury, counsel for the defendant stated that he had subpoenaed two witnesses for the defense, one of whom was an inmate of the Hamilton County jail in Chattanooga. After the question of witnesses was resolved counsel for the defendant announced: "other than that, Your Honor, we're ready for trial."

A jury was then selected and impaneled and the indictment was read, after which, and before a plea was entered, counsel for the defendant stated that he desired to be heard out of the presence of the jury, and the jury

was excused. A discussion was then held during which the defendant's attorney contended that he had prepared to defend the defendant on an indictment returned at a previous term of court but that the indictment read to the jury was different in two respects: it showed the date of the crime to be January 26, 1968, instead of January 19, 1968 as shown in the earlier indictment; and it showed the amount of money taken to be seventy dollars instead of seventy one dollars. Counsel stated that he had prepared to defend the charge of armed robbery on January 19, 1968 with an alibi. In this discussion the District Attorney General and his assistant both stated that they had shown both indictments to counsel for the defendant and that he knew before the selection of the jury that they were proceeding to trial on the second indictment. They said that he knew, prior to announcing "ready for trial" that the case was proceeding on the second indictment. Counsel for the defendant agreed that he had seen the second indictment before the selection of the jury. The trial judge overruled his motion to continue the case or to pass it to a later date.

In Leek v. State, 216 Tenn. 337, 392 S.W.2d 456, it was held that the defendant waives his right to object to trial when he announced "Ready for trial." In that case there were three indictments pending against Edwin Leek, the latest one was returned by the Grand Jury on February 7, 1964. The trial was held on Monday, February 10, 1964. After the defendant announced ready for trial the trial court quashed the earlier two indictments and the defendant was put to trial on the latest indictment only. In that opinion our Supreme Court commented that TCA § 40-2005, which provides

that at least two full days, excluding Sundays, shall elapse between the indictment and the trial, is not a part of the Constitution, and since it is a provision of law it may be waived.

At the conclusion of the State's proof the trial court, in the absence of the jury, heard the defendant's counsel again on his motion that the court was in error in placing the defendant to trial on the second indictment. During this discussion it was brought out that counsel for the defendant had investigated the crime and had found out that it occurred on January 26, 1968, and he admitted that he knew that the date of January 19, 1968, shown in the first indictment, was in error. In that discussion the following was said:

"THE COURT: Well, Mr. Ables, of course you've investigated this case, haven't you?

MR. ABLES: Yes, sir.

THE COURT: You investigated (sic) the jail case down there. You investigated (sic) the day and night these people were placed in jail down there?

MR. ABLES: Yes sir.

THE COURT: And you knew it wasn't the 19th?

MR. ABLES: Yes sir.

THE COURT: All right, you knew it was the 26th?

MR. ABLES: That's right sir."

Later, during the same period of discussion:

"THE COURT: Well, how are they affected. They're not prejudice (sic) in any manner by it, because

the crime that you investigated is the one that happened on the 26th.

MR. ABLES: That is correct.

THE COURT: Well, they couldn't be hurt any by— what he did here, he resubmitted this case to correct the dates, is that right General?

GENERAL
TEMPLETON: That's right."

The trial court then overruled defense counsel's motion" again. Thereafter the only witness called for the defendant, Clifford Crafton, attempted to establish an alibi for the defendant for the day and evening of January 26, 1968. There is nothing in the record to indicate that the defendant had any other evidence regarding his alibi.

In Moorhead v. State, 219 Tenn. 271, 409 S.W. 2d 357, speaking on the subject of granting or denying a continuance, our Supreme Court said:

"So far as we can find, it has always been the rule in this State that a trial judge will not be put in error for denying a continuance unless it is shown that he has abused his discretion in doing so, because the granting or denying of a continuance is a matter which addresses itself to the sound discretion of the trial judge. Bass v. State, 191 Tenn. 259, 231 S.W.2d 707, and many others. This Court has held though that it will not disturb the exercise of this discretion by the trial judge unless something is developed in the after trial to show that the defendant might have been prejudiced in some way by the refusal to grant a continuance."

 Careful review of this record does not lead us to believe that the defendant might have been prejudiced in any way by the refusal of the trial judge to grant a continuance. We do not find that the trial judge abused his discretion in denying the defendant's motion.

 The three sections of the Code cited by defendant in his assignment of error do not serve as any haven of relief for the defendant. T.C.A. § 40-2003 states that an accused, if unable to employ counsel, is entitled to have counsel appointed by the court. The defendant in this case was represented by counsel, apparently appointed by the trial court, though the record does not show an order of appointment. It is apparent from this record that counsel was effective, that he worked diligently in preparing and presenting the defendant's case. T.C.A. § 40-2006 states that a person accused of a capital offense shall be entitled to three full days (Sundays and holidays excluded) after arrest and the return of the indictment before being tried for such offense. In this case the defendant had ten days after the return of the indictment before he was tried. T.C.A. § 40-2008 provides that a person indicted for a capital offense, if he is in actual confinement, is entitled to a copy of the indictment at least two entire days before trial. This record does indicate to us that the defendant did not have furnished to him a copy of the second indictment two full days before trial. But, this indictment was simply a correction or clarification of the charge made against him in an earlier indictment. It was not a new or separate offense. And, as we have said earlier, in announcing ready for trial, he waived this statutory right.

While there is no assignment of error regarding the

insufficiency of evidence to support a conviction in this case, we feel that it is proper that we comment on the proof.

John D. Troy, a service station attendant, testified that the defendant came to his service station twice on the night of January 26, 1968. The first time the defendant put water in his radiator, and the second time he came into the station when Mr. Troy was alone, he said, and by using a pistol, took from him about seventy dollars. Mr. Troy stated that the defendant tried to shoot him but the gun would not operate, so the pistol was used as a club, and the defendant struck him on the forehead and his head was cut and required several stitches. The victim described the car being driven by the defendant, and he stated that it had red and white Alabama license plates on it. He also described in detail the clothes worn by the defendant. About four hours after the robbery the defendant was arrested in Scottsboro, Alabama, a town about thirty eight miles south of the service station, while he was driving an Oldsmobile which was identical to the one described by Mr. Troy. He was also dressed just as Mr. Troy had detailed, and in his pants pocket, not in his bill fold, was found currency as described by Mr. Troy as having been taken from him. At the time of his arrest Clifford Crafton was riding as a passenger in the car. When the Scottsboro police officers attempted to stop the defendant for reckless driving he attempted to flee; he drove into the yard of a house which had been owned by his father and jumped out of the car and ran. The police captured him there and took him to the city jail in Scottsboro. It was later that they found out about the robbery in Marion County.

The evidence of the guilt of the defendant was very strong, being based primarily upon the testimony of the victim. It is certain that the evidence does not preponderate against the verdict and in favor of the defendant's innocence. The State's theory of the case was, in our opinion, well established. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Brown v. State, Tenn.Crim.App., 441 S.W.2d 485.

We find no error in this record, and we therefore affirm the judgment of the trial court.

We appreciate the effective representation of counsel appointed in this case.

RUSSELL and MITCHELL, JJ., concur.