Horace JONES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 21, 1976.

Certiorari Denied by Supreme Court Jan. 17, 1977.

**330**

Edward G. Thompson, Memphis, for appellant.

R. A. Ashley, Jr., Robert A. Grunow, Asst. Atty. Gen., Nashville, Richard S. McNeese, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

Appellant appeals from a conviction in the Criminal Court of Shelby County of grand larceny. His punishment was fixed at from 3 to 6 years in the State Penitentiary. We affirm but modify.

The appellant's first assignment is that the evidence preponderates against appellant's guilt and in favor of his innocence. The accredited evidence was that Robert Lewis Brown left his apartment in Memphis, Tennessee at about 8:00 P.M., or 8:30 P.M., on the evening of January 13, 1975, going to work. At about 9:00 o'clock that night, he was informed that his apartment had been burglarized and upon returning home, he discovered that it had been broken into through a back bedroom window. Several items of personal property, including a television set, had been stolen. The total value of the stolen property exceeded $2,000.00.

The accredited evidence further establishes that a Mr. Tyrone Taylor, neighbor and

friend of Brown, was sitting in his driveway in an automobile when he noticed that Brown's front door was open and that two individuals were placing a television set in the trunk of a car. The car was driven off by these two persons and Mr. Taylor followed it in his car. Mr. Taylor observed a police car and was able to communicate to the policemen the foregoing facts. These policemen communicated this information to a second police car and the second police car followed the car containing the television set in the trunk until it stopped at the rear of an apartment complex, when appellant left the car from the driver's seat. The other individual had previously run from the car. After he was apprehended, and without being questioned, appellant told the arresting officer, "You cannot put burglary on me, it won't stick. The only thing you can put on me is receiving stolen property". Appellant later gave a signed statement to police in which appellant stated that he was driving past Mr. Brown's house when a friend of his by the name of Charles Wilson, flagged him down and requested a ride. He said that Wilson asked him to wait a minute, then Wilson went inside the house and got the TV set, record player and speakers, which were placed in the trunk of appellant's vehicle. He said that when the police stopped his automobile, Charles Wilson fled.

Appellant did not testify. His former girlfriend testified that about 9:10 P.M. on the date of the crime, appellant left her home with one Ricky Vaulx. Ricky Vaulx testified that he committed the burglary but that appellant was not a participant. He testified that he and one Charles Wilson broke into Brown's house and another house, using appellant's automobile. The witness, Vaulx, had previously pleaded guilty to this crime. He said that Charles Wilson fled.

◼ Appellant stands before this court with a presumption of guilt. We will not disturb a guilty verdict by the jury, approved by the Trial Judge, unless it clearly appears that the evidence preponderates against the verdict of guilty and in favor of appellant's innocence. *Osborne v. State,* 512 S.W.2d 612 (Tenn.Cr.App.1974); *Sloan v. State,* 491 S.W.2d 858 (Tenn.Cr.App. 1972); *Shelton v. State,* 479 S.W.2d 817 (Tenn.Cr.App.1972). The evidence of appellant's guilt is convincing. We do not find that it preponderates against the jury verdict and in favor of appellant's innocence. Assignment I is overruled.

◼ The second assignment is that the Trial Court forced appellant to trial without counsel of his own choosing. The firm of Friedman and Liss were attorneys of record for appellant in the Criminal Court. The record reflects that Mr. Friedman left the courtroom prior to trial telling appellant that Mr. Liss would pick the jury and that he would return from a City Council Meeting in time to try the case. After the jury had been selected, Mr. Liss apprised the Court of this fact and requested the Court to delay the trial until Mr. Friedman returned. The Court declined to do this and Mr. Friedman did not return until shortly before 5:00 o'clock P.M., and shortly afterwards, court adjourned. Mr. Liss conducted the trial on appellant's behalf during the first day. Appellant does not allege in his brief that Mr. Liss was inadequate counsel. Mr. Liss was an attorney of record and there is no showing that the Court was a party to any agreement to await the return of Mr. Friedman from a city council meeting.

A week before the trial, Mr. Liss informed the Trial Judge in appellant's presence, that he would try the case and that he had prepared it. Appellant made no objection until the day of the trial when he told the Court that he desired Mr. Friedman to try the case.

◼ The matter of granting a continuance is one of discretion on the part of the Trial Judge, and he will not be put in error for denying a continuance unless it is shown that he abused his discretion in doing so. *Oden v. State,* 2 Tenn.Cr.App. 304, 453 S.W.2d 441 (1970); *Brown v. State,* 1 Tenn. Cr.App. 739, 450 S.W.2d 35 (1969); *Dowlen v. State,* 2 Tenn.Cr.App. 24, 450 S.W.2d 788

(1968). The refusal of the Trial Court to allow a continuance or delay in the trial for the purpose of securing other counsel under the foregoing circumstances did not constitute an abuse of discretion. *Davis v. United States,* 316 F.Supp. 913 (E.D.Tenn.1970). Assignment II is overruled.

In the third assignment of error, appellant states that the Court erred in forcing appellant to trial because appellant was incompetent to understand the nature of the charges and ably assist counsel. Appellant's counsel on appeal admits in his Brief that he "cannot find anything in the record where private counsel questioned the mental competency of the appellant or anything in the record indicating that appellant did not understand the nature of the charges". We likewise can find nothing upon which this assignment is based. It is overruled. *Roberts v. State,* 4 Tenn.Cr. App. 537, 474 S.W.2d 165 (1971); *Rockett v. State,* 475 S.W.2d 561 (Tenn.Cr.App.1971).

The fourth assignment of error complains that the Court should have granted a mistrial because two state witnesses discussed the facts after one of them had testified.

One of appellant's attorneys, Mr. Friedman, testified that late in the afternoon of the first day of trial, he overheard two police officers' conversation. He said that they were "discussing distances" and the officer who testified said, "But he didn't ask me about something else". In a jury-out hearing, one of the officers testified that he had requested the officer who had finished testifying to "turn my court slip in". This officer testified that the discussion about the "court slip" was the extent of their conversation and that nothing was said about the case on trial.

Appellant's counsel moved the Court for an order prohibiting the testimony of the officer who had not testified. The Trial Judge found that no "material errors happened here". He permitted the witness to testify. We cannot say that the rule of sequestration of witnesses was violated. Even had the rule been violated, it remains a matter of the Trial Judge's discretion as to whether the witness who violated the rule will be permitted to testify. We will defer to the discretion of the Trial Judge unless it appears that he abused his discretion. *Ezell v. State,* 220 Tenn. 11, 413 S.W.2d 678 (1967); *Williams v. State,* 491 S.W.2d 862 (Tenn.Cr.App.1972); *McCravey v. State,* 2 Tenn.Cr.App. 473, 455 S.W.2d 174 (1970). We find that the Trial Judge did not abuse his discretion and we overrule this assignment.

The fifth assignment of error is that the Court erred in instructing the jury with reference to parole statutes (T.C.A. § 40–2707). The Trial Judge charged the jury as required under Section 2 of Chapter 163, Public Acts of 1973, requiring that juries be instructed in felony cases on parole procedure and allied matters. This act was held unconstitutional by the Supreme Court of Tennessee in *Farris v. State,* 535 S.W.2d 608 (Tenn.1976). Appellant duly assigned this as error in his motion for a new trial and also in this court. We cannot say that the Court's charge concerning these matters did not affect the result as to the punishment imposed upon appellant. Assignment V is sustained.

Assignment VI says that the Court erred in relieving Trial Counsel of their duty to represent appellant on appeal and in appointing the Shelby County Public Defender to represent appellant on appeal. Trial counsel was retained. The order overruling the motion for new trial found that appellant was indigent and unable to pay for trial transcript and his bond was increased from $1,500.00 to $3,000.00. Appellant posted bond the same day. After the finding of indigency, the Court granted a motion filed by trial counsel for permission to withdraw which was predicated upon the following reasons:

"Counsel would state unto the Court that he will file the Bill of Exceptions in this cause, as counsel feels he is obligated to do. Counsel would further state, however, that he can not in good conscience file an appellate brief or perform other duties connected with the appeal because he feels the appeal is frivilous [sic] and without merit. Counsel would state that

he urged the defendant not to go to trial in this case, but that defendant chose to do so over counsel's objection. For this reason and the unwillingness of the defendant to take advice of counsel, Counsel feels that he could not continue to represent the defendant in the manner demanded by the law and canons of ethics, and for him to continue to represent defendant would deprive the defendant to [sic] his right of effective representation and create an injustice to defendant.

Counsel would further state unto the Court that he has other cases on appeal, as well as numerous cases in the trial courts, which require his full attention and time and to further pursue this matter would work an injustice on other clients as well as this defendant." (T.R. p. 43)

We first turn to an examination of the Code of Professional Responsibility, as adopted by Tennessee Supreme Court Rules. A careful examination of Disciplinary Rule 2–110 of the Code of Professional Responsibility, concerning withdrawal from employment, discloses nothing which would require a mandatory withdrawal or authorize the permissive withdrawal under the language of the Motion to Withdraw above.

We will first address counsel's complaint that his client chose to go to trial over the attorney's objection; therefore, the attorney could not *on appeal* represent the client. The question involved here is clearly answered in the ABA Standards, which have been cited with approval by the Tennessee Supreme Court in *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975):

"(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) *what plea to enter*; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf." ABA Standards, The Defense Function § 5.2 [Emphasis supplied]. Also see Ethical Consideration 7–7, Code of Professional Responsibility.

We agree with these additional provisions of ABA Standards:

"(d) A lawyer should not accept more employment than he can discharge within the spirit of the constitutional mandate for speedy trial and the limits of his capacity to give each client effective representation . . .." ABA Standards, The Defense Function § 1.2(d) (1968).

\* \* \* \* \* \*

"(b) Counsel should not seek to withdraw from a case solely because of his determination that the appeal lacks merit.

(i) Counsel should give his client his best professional estimate of the quality of the case and should endeavor to persuade the client to abandon a wholly frivolous appeal, or to eliminate particular contentions that are lacking in any substance.

(ii) If the client wishes to proceed, it is better for counsel to present the case, so long as his advocacy does not involve deception or misleading the court. After preparing and filing a brief on behalf of the client, counsel may appropriately suggest that the case be submitted on brief or request permission to withdraw." ABA Standards, Criminal Appeals § 3.2(b) (1968).

We feel that continuity of representation, if at all possible, is most favorable and most comports with canon 7 of the Code of Professional Responsibility:

"A Lawyer Should Represent a Client Zealously Within the Bounds of the Law."

For these reasons, we espouse the procedure as outlined in ABA Standards, Criminal Appeals § 3.2(b) (1968), *supra.*

Obviously, this appeal was not frivolous. If trial counsel felt that he could not have ethically represented appellant for the reasons stated in his motion for permission to withdraw, he should not have accepted employment. If after employment, counsel met with ethical problems, he should have sought permission to withdraw

before trial and refunded his fee to his client. We find nothing alleged in the Motion for Permission to Withdraw that would justify the discharge of an attorney after trial and after his client was declared indigent. After trial, there is nothing shown that would have deprived appellant of effective representation on appeal by trial counsel. The Trial Judge erred in permitting trial counsel to withdraw from the case. However, appellant was well-represented by the Public Defender, who filed an excellent brief on his behalf and made a convincing oral argument before us. We find that the change of counsel for appeal did not affect the result and the Trial Court's action in discharging Trial Counsel for appeal purposes was harmless error. T.C.A. § 27–117. Assignment VI is overruled.

It results that we affirm the conviction but we reduce the sentence imposed upon appellant to not less than 3 years nor more than 3 years in the State Penitentiary, if the State consents. In the absence of the consent of the State to the reduction of appellant's sentence, then we remand the case to the Criminal Court of Shelby County for the purpose of having a jury fix appellant's punishment.

WALKER, Presiding Judge, and DWYER, J., concur.