## Smith Carney *v.* P. T. Murphy.

FORCIBLE ENTRY AND DETAINER. *Writ of possession. Practice.*
   An appeal from an interlocutory order of the Circuit Court
   granting a writ of possession in a case of forcible entry and
   detainer before final judgment, is premature and will be dis-
   missed.

Statute cited: Act of 1869–70, ch. 64, § 1.

FROM COFFEE.

Appeal from the Circuit Court. WM. P. HICKER-
SON, Judge.

[No brief or attorney appears for Carney.]

JAS. PRICE for Murphy.

SNEED, J., delivered the opinion of the Court.

The Act of 1869–70, ch. 64, § 1, authorizes the
writ of possession after judgment for plaintiff in ac-
tions of forcible entry and detainer, or of forcible
detainer before three Justices, upon appeal by defend-
ant, if the plaintiff will give bond as therein pre-
scribed. Shank. Rev., 124.

The Act of 1871, ch. 65, amends the former Act
so as to include cases of unlawful detainer. In this
case of unlawful detainer the plaintiff had judgment
before three Justices, from which the defendant ap-
pealed to the Circuit Court. In the latter tribunal

Smith Carney *v.* P. T. Murphy.

there was a mistrial, and thereupon the plaintiff presented his bond as required, and demanded a writ of possession, which was awarded. From this interlocutory judgment awarding the writ of possession the defendant appealed. The appeal was premature, and could only be granted upon final judgment. The object of the statute was to give the plaintiff a quick and summary remedy to recover possession when unlawfully withheld, and the remedy of the defendant is upon the plaintiff's bond, if upon final judgment it should turn out that the writ was unlawfully awarded.

The appeal is dismissed and cause remanded.