BAKER SMITH v. THE STATE.

CRIMINAL LAW. *Witnesses under the rule.* In a criminal case involving the life of the prisoner, a witness, whose testimony has only been discovered a few moments before he is put on the stand, ough; not to be excluded merely upon the ground. that the defendant had joined the State in requiring that the witnesses be put under rule, where the testimony of the witness is material to the defense.

---

FROM FAYETTE.

---

Appeal in error from the Circuit Court of Fayette County. T. J. FLIPPIN, J.

GEORGE HARDIN for Smith.

A. W. CAMPBELL for the State.

COOPER, J., delivered the opinion of the Court.

The plaintiff in error was indicted for poisoning her husband, convicted of murder in the first degree, and sentenced to death. She appealed in error.

The case is one of circumstantial evidence, and, there being evidence tending to show that the prisoner bought strychnia on the previous day to that of her husband's death, and that the husband exhibited some of the symptoms usually accom-

panying death by that poison, the defense undertook to prove that the health of the husband was impaired, and that he was in the habit of having fits or spasms similar to those preceding his demise. Testimony was accordingly introduced by the defense tending to show that the deceased, in 1870, had a severe attack of disease which nearly proved fatal, that he then thought he was poisoned, and afterwards complained that he had never recovered from the effects, and that he was frequently afflicted with sudden sickness, accompanied with violent spasms.

The State had proved by the mother of the deceased that he was sound and healthy, and that she never knew of his having spasms.

Under these circumstances, the defendant offered to introduce a witness and prove by him that the deceased was an unsound man, his general health bad, and that he had had several attacks of severe sickness, accompanied with spasms; that he considered himself poisoned in 1870, and had never recovered from the effects thereof; and that his mother knew of this.

The State's Attorney objected that the witness had not been put under the rule.

Defendant's counsel stated that he and his client were not aware they could prove these facts by the witness until just before he was put on the stand, and for this reason the witness had not been subpœnaed, put under the rule, or kept out of the court-house

The trial Judge sustained the objection of the State's Attorney, and refused to allow the witness to testify, "for the reason that at the beginning of the case the rule was asked for by the State and defendant, and the witness stated he had heard the testimony of the defendant's witnesses."

If, as the record fairly implies, his Honor was of opinion that the witness should be excluded merely because the State and the defendant had. asked for the rule that the witnesses should be examined out of the hearing of each other, he was clearly in error. The rule is to be favored as a mode of eliciting the truth, and is demandable as of right in all cases, upon affidavit of facts showing its necessity; *Rainwater* v. *Elmore*, 1 Heis., 363; *Nelson* v. *State*, 2 Swan, 237. But all the authorities agree that the right of excluding the witness for disobedience to the order is in the discretion of the Court, a discretion rarely exercised: 1 Greenl. Ev., sec. 432, and cases cited. And it has been ruled that if the witness remain in Court, in disobedience of the order of separation, his testimony, on that ground alone, cannot be excluded, but is matter for observation on his evidence: *Chandler* v. *Horne*, 2 M. & Rob., 423.

If his Honor meant to exercise his discretion in excluding the evidence, although this Court would be slow to revise discretionary action of the trial Judge, yet the discretion was, under the circumstances of this case, improperly exercised.

The case was one of circumstantial evidence,

Smith *v.* State.

involving human life, in which the links in the chain of proof were weakened by the failure of the druggist who sold the supposed strychnia to comply with the law, and the failure of the medical expert to test the existence of strychnine in the stomach of the deceased by any other than the color test, confessedly the most unreliable. The symptoms accompanying the attack and death of the deceased were not strictly such as usually attend that mode of poisoning, some of the most important being wanting, and the symptoms being such as occur in tetanus or fits. The very gist of the defense rested upon establishing the fact that the deceased had been subject to similar attacks, with the knowledge of his mother, with whom he had been living, and who might be supposed to know more than others his true condition. The witness offered had not been summoned, nor put under the rule, because his testimony was unknown. Of course the Court had the right to be satisfied in relation to these facts, and he seems to have interrogated the witness on the subject, who explained his presence in Court by the statement that he had been requested to bring the prisoner's little children to see her. The action of the Court was had upon the concession that the statement of the prisoner's counsel was correct.

The judgment will be reversed, and the cause remanded for a new trial.