Lenoir Car Co. v. Smith.

LENOIR CAR CO. v. SMITH.

100 127
●110 225

(*Knoxville.* November 24, 1897.)

WITNESS. *Officer of corporation not subject to rule.*

The officer of a corporation charged with the duty of looking after its interests on the trial of a cause in which he is a witness, is exempt from the operation of the rule excluding witnesses under the statutory exception in favor of parties.

Act construed: Acts 1871, Ch. 107.

Code construed: § 5599 (S.); § 4566 (M. & V.).

Case cited: Wisener *v.* Maupin, 2 Bax., 356.

---

FROM LOUDON.

---

Appeal in error from Circuit Court of Loudon County. JOHN J. BLAIR, J.

CHAMBERS, McQUEEN & NICHOLS and LUCKY, SANFORD & TYSON for Lenoir Car Co.

A. S. HENDERSON, G. W. FOX and J. E. CASSADY, and WASHBURN, PICKLE & TURNER for Smith.

BEARD, J. On the trial of this case, the Circuit Judge was asked by plaintiff in error to except from the operation of the rule excluding witnesses, which was invoked and enforced, an officer of the

corporation whose testimony was important, as bearing on the issues involved, and yet whose presence during the trial was essential to the proper presentation of its case. This the Court declined to do, and when the officer was subsequently offered as a witness, with an affidavit showing the character of his testimony, the trial Judge refused leave for him to testify.

In 2 Bax., 356, it had been held that parties were equally subject, with other witnesses, to be put under the rule. This case led, no doubt, to the passage of the Act (Ch. 107 of the Acts of 1871) found carried substantially into the Code (Shannon's), at § 5599. This section is placed, and properly, in the article of the Code entitled "Competency of Witnesses," and is as follows: "Nothing in any section of this article shall be so construed as to require parties, or either of them, to be put under the rule, when witnesses in any cause in which the rule has been applied for and granted."

It is true that it was the corporation which was a party to the present litigation, yet, if the view maintained by the trial Judge is correct, and the letter of the statute is to be adhered to, corporations will be excluded from its benefits altogether.. They can only be present by their representatives, and if it be that they are not, and adversary parties are, entitled to exemption from the rule, it is apparent that the statute will operate with inequality, and often with great unfairness. We see no reason for

adopting a construction which would work such partial results. We hold, therefore, that the officer of a corporation, charged with the duty of looking after its interests in a pending trial, falls within the spirit of the Act in question.

For error in this regard, and for other errors pointed out orally, this case is, reversed, and remanded for a new trial.