CHARLES ADOLFF *v.* IRBY AND GILLELAND.

(*Jackson.*    April Term, 1903.)

**WITNESS.** Not a party to suit but interested in result cannot
be put under rule.

Under our statute, providing that parties shall not be put under
the rule in any cause, in which the rule has been applied for
and granted, a witness, who, though not made a party to the
suit, is interested in the controversy as a partner with the de-
fendants, and who in case of recovery against them would be
liable to contribution to them, and whose presence in court dur-
ing the trial is necessary to the counsel conducting the defense
by reason of his intimate and peculiar knowledge of, and famil-
iarity with the facts of the case, is within the spirit of the stat-
ute exempting parties to the cause from the rule, and was prop-
erly permitted to testify, notwithstanding he remained in the
court room while the trial was in progress, and after the rule
excluding witnesses had been applied for and granted by the
court.

Statute construed:  Acts of 1871, Ch. 107.
Code cited and construed:  Sec. 5599 (S.); sec. 4566 (M. & V.).
Case cited and approved:  Lenoir Car Co. v. Smith, 100 Tenn., 127.
Cases cited and distinguished:  Rainwater v. Elmore, 1 Heisk.,
363; Wisener v. Maupin, 2 Bax., 342, 356, 357.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby
County.—L. H. ESTES, Judge.

Adolff v. Irby and Gilleland.

T. D. YOUNG, for Adolff.

WRIGHT, PETERS & WRIGHT, for Gilleland.

———

Mr. CHIEF JUSTICE BEARD delivered the opinion of the Court.

The plaintiff in this suit sought to recover damages against the defendants in error for personal injuries sustained by him from the explosion of a gasoline lamp sold by them to him. The case having resulted in a verdict and judgment against the plaintiff, he has brought it into this court, and assigned errors upon the action of the trial court.

Among the errors so assigned is this: That, over the objection of the plaintiff, one Jameson was permitted to testify for the defendants, notwithstanding he had remained in the courtroom while the trial was in progress, and after the rule excluding witnesses had been invoked, and granted by the court.

Waiving technical objections which might afford a sufficient answer to this assignment, we think there was no error in the action of the trial judge in this matter. The record shows that the lamps of which this was one, were manufactured for the defendants, and that Jameson was interested with them, as partners, and, though not a party to the suit, was necessarily concerned in its result.

For, if the theory of the declaration is correct—that the material used in the making of the lamp was infe-

rior, and its mechanism was so faulty as to make it inherently dangerous—and it was purchased from the defendants with a warranty of soundness, then they would be liable for the injury sustained by the plaintiff from its explosion while being prudently used by him; and in such a case there can be no doubt of the right of Jameson's copartners to call upon him for contribution to the amount of the recovery made by the plaintiff.

In view of this, it would seem a hardship if the necessary construction or application of this rule permitted his presence in court during the conduct of the trial alone under the penalty of the forfeiture of his right as a witness to give evidence of facts which might be essential to prevent a verdict or judgment operative as much against him as his partners, who happened to be parties to the record.

However, in *Rainwater* v. *Elmore*, 48 Tenn., 363, the rule was announced that, upon an affidavit showing the necessity therefor, it was the duty of the trial court to place all the witnesses in a particular case under the rule. It was conceded that there was a conflict of authority as to the rule, many courts holding it to be within the discretion of the trial judge to exclude, or not, witnesses during the trial of the cause; but this court, in the case referred to, deemed it the part of wisdom to align itself with those tribunals which made the granting of the rule imperative whenever proper grounds were laid. In *Wisner, etc.,* v. *Maupin,* 61 Tenn., 340 (decided in 1872), the rule was ex-

Adolff v. Irby and Gilleland.

tended so as to embrace parties to the suit who desired to become witnesses, and this left as exempt from its operation only employed counsel.

But prior to the delivery of the opinion of the court in the last-mentioned case, but, no doubt, after its trial in the lower court, the legislature, at its session of 1871, passed an act in these words: "Nothing in any section of this article [as to witnesses] shall be so construed as to require the parties or either of them to be put under the rule, when witnesses in any case in which the rule has been applied for and granted." Shannon's Code, sec. 5599.

In *Lenoir Car Company* v. *Smith,* 100 Tenn., 127, 42 S. W., 879, the proper application of this act came up for consideration by this court, upon the action of the trial judge, who declined to extend its benefits to an officer of a corporation, whose testimony was important, as bearing on the issues involved, and yet whose presence during the trial was essential to the proper presentation of the case; and we held that though the corporation was, and this officer was not, a party to the record, yet he was within the spirit of the act, and that his competency as a witness was not affected by the fact that, in violation of the rule, he remained in the court while the trial was in progress. This ruling was a radical, but a proper, departure from the doctrine of the earlier cases.

Following this liberal construction of this statute, we think the witness Jameson was equally within its spirit.

It happened that he, as a member of the firm, was most familiar with the construction and operation of this lamp.   He it was who selected the firms in Connecticut to manufacture it, after superintending the making of the model and specifications therefor.   He was present when tests were applied to ascertain the holding strength of the metals used in its construction, and afterwards he submitted the lamp to the National Board of Underwriters for their inspection and approval.  His superior knowledge of the device, and of the safe as well as unsafe way of using it, is shown in the record; and it is equally shown that his presence was needed to counsel conducting a defense which inured to him as well as to his partners, who were the technical parties to the record.   So it is this assignment of error is overruled.

The other assignments of error are not well taken; but, as they possess no general interest, they are disposed of in a memorandum opinion filed with the record.

It follows that the judgment of the trial court is affirmed.