**John Henry SMITH, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

May 13, 1975.

Certiorari Denied by Supreme Court Aug. 18, 1975.

James F. Butler, Jackson, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., John R. Lodge, Jr., Asst. Atty. Gen., Nashville, George Hymers, Asst. Dist. Atty. Gen., Jackson, for defendant-in-error.

## OPINION

DWYER, Judge.

This appeal in the nature of a writ of error has been seasonably filed by court appointed counsel from a conviction of plaintiff-in-error by a jury for committing the offense of assault and battery on a female under the age of 12 with the intent to carnally know her. Judgment was pronounced thereon with resulting punishment of confinement for thirty years.

There have been filed assignments of error attacking the sufficiency of the evidence and the trial court's action in not sustaining plaintiff-in-error's motion for a mistrial for violation of the witness sequestration rule by state witnesses.

A review of the facts is necessitated in order to determine if this verdict is based on sufficient evidence and is compatible with the law.

This event occurred on the night hours of February 1, 1974, at a duplex residence located on 124 Mobile Street in the City of Jackson.

The duplex was a shotgun style house with front and back door entrances on both sides. The victim, a nine-year-old female, named Jo Ann Serrat, lived in one half of this duplex with her mother and her half brother. The other half was occupied by a Jimmy Jones.

The victim testified that on the night of the event she was in bed and was awakened by the plaintiff-in-error entering her room and asking the whereabouts of her mother. He then got in bed with her and fondled her and licked her private parts and tried to insert his male organ in her.

The brother, on his return home, knocked on the door and jerked it open in time to see a man jump from the bed and flee out of the back of the house. He noticed his sister trying to put on her panties and pants.

When the little victim told him what had happened he started to take her to find their mother. On leaving the house the plaintiff-in-error walked up and the little girl identified him as her assailant. The brother made an assault upon the plaintiff-in-error who then fled, escaping the brother's fury.

The youngsters then found their mother in the vicinity and when the plaintiff-in-error was identified to her, they went to where he was residing but he would not come to the door. The child was then taken to a hospital where a medical examination was negative for sperm and trauma.

The plaintiff-in-error denied the assault and denied being in the victim's side of the house that night although he had been in the Jones' side earlier having a drink of whiskey. He had returned to see Jones again and was at that time assaulted by the brother. He further related that he had had intimate relations with the victim's mother in her home two weeks before. He did not come to the door of his residence when the mother, brother and victim had knocked because the brother was armed and he was in fear.

 We review this evidence under established law that on appeal the plaintiff-in-error has the burden to show that the evidence preponderates against his guilt and in favor of his innocence, see *McBee v. State*, 213 Tenn. 15, 19, 20, 372 S.W.2d 173. The plaintiff-in-error reasons that the evidence is insufficient because of apparent discrepancies in the child's testimony as to the identification of him, which he further suggests undermines her credibility. We are not permitted to reverse on the facts unless the evidence clearly preponderates against their verdict. See *Cooper v. State*, 123 Tenn. 37, 56, 57, 138 S.W. 826. The credibility of the witnesses is a question for the jury who see them face to face, hear them testify and observe their demeanor. They are in a much better position to determine the weight to be given the witnesses' testimony than are we. See *Carroll v. State*, 212 Tenn. 464, 472, 370 S.W.2d 523. We are not free to reevaluate that testimony here. See *State v. Grace*, Tenn., 493 S.W.2d 474, 476. We think the evidence supports the verdict: (1) the brother on entering the house saw a man flee; (2) the little victim identified the plaintiff-in-error as her assailant. The jury has, by its verdict, accredited that evidence. It is true

that no trauma or sperm was found in or on the private parts of the little victim. This, however, is not controlling, for penetration is not a necessary element of the offense. The intent of the assault and battery is the gravamen of the crime, see *Hale v. State*, 198 Tenn. 461, 466, 281 S.W.2d 51. The assignments relating to the evidence are overruled.

The fact that the brother and Jones were in the courtroom after the rule had been called for and that they heard some of the little victim's testimony was not error prejudicial to the plaintiff-in-error. The propriety of the trial court's allowing them to testify, in view of the infraction, we do not think was an abuse of his discretion, see *Smith v. State*, 72 Tenn. 428, 430. We think in view of the above, the trial court properly overruled his motion for a mistrial founded on this infraction. The assignment is overruled.

The judgment of the trial court is affirmed.

WALKER, P. J., and O'BRIEN, J., concur.