Swan CHAMBERLAIN,
Plaintiff-Appellee,

v.

AETNA LIFE & CASUALTY
INSURANCE COMPANY,
Defendant-Appellant.

Supreme Court of Tennessee.

Feb. 4, 1980.

McAfee Lee, Earl R. Layman, Key, Lee & Layman, Knoxville, for appellant.

Robert T. Mann, Mann & Justice, Knoxville, for appellee.

### OPINION

HENRY, Justice.

In this workmen's compensation action the sole question is the correctness of the action of the Trial Judge in excluding the designated representative of the employer from the courtroom during the conduct of the trial.

The injured workman was employed by Jim Walter Homes.[1] James Moore, at all times pertinent to this action, was District Manager for Jim Walter Homes, and was a principal witness at the hearing. Aetna Life & Casualty Insurance Company insured Jim Walter's workmen's compensation liability and was the only party defendant.

At the beginning of the hearing the trial judge upon the insistence of claimant's counsel, and over the vigorous protest of Aetna's counsel, required that James Moore be placed under the rule. Aetna was left with no designated representative to sit with counsel and assist during the course of the trial.

The practice in our courts has been to permit a representative of a corporate entity to remain in the courtroom to aid, advise and assist counsel during the course of a trial. This is the established practice.

The fact that the employer was not named a party defendant is of no consequence. The compensation carrier and the insured employer, under Tennessee Workmen's Compensation Law, are one and the same. It is specifically provided in Section 50–902(a), T.C.A., where the employer is insured, the word "employer," "shall include his insurer, unless otherwise herein provided." No other provision of the law is pertinent to the present inquiry.

Thus, the general rules relating to an in-court representative of a corporate party apply.

A brief discussion of the background of the rule in Tennessee will be helpful.

There is no statute which requires that any witness be sequestered or "put under the rule." The practice as we know it today is of relatively ancient origin and is designed and favored as a mode of eliciting the truth. *Smith v. State,* 72 Tenn. 428 (1880). It is a demandable right which in an earlier day was assertable by affidavit, showing good cause. Upon the presentation of such an affidavit, the Court was left with no discretion. *Rainwater v. Elmore,* 48 Tenn. 363 (1870).

We are not aware of any decision modifying the requirement that the rule is invoked only by affidavit. The practice today, simply stated, is to invoke the rule upon the request of either party and we look with favor on this practice.

This practice, however, is subject to the established rule that the exclusion of any witness from the courtroom, or exempting them from the exclusion, is not a matter of right, but is within the discretion of the trial judge. *State v. Henderson,* 220 Tenn. 701, 423 S.W.2d 489 (1968); *Nance v. State,* 210 Tenn. 328, 358 S.W.2d 327 (1962).

Exempting a witness from a general rule of exclusion probably came into our law as a result of the opinion of this Court in *Wisener & Brown v. Maupin,* 61 Tenn. 342 (1872). There the Court held that the *Elmore* rule giving either party the legal right, upon good cause shown by affidavit, to have all witnesses against him placed under the rule, "applies with equal, if not more, force to their [the parties] case than to the disinterested witness. . . ." Before the release of the opinion in *Wisener v. Maupin,* but apparently after the trial, the Legislature adopted Chapter 107, Public Acts of 1871, which has been carried virtu-

---

1. Technically, appellant was an independent contractor or subcontractor, working for Jim Walter Homes under a written contract; how-
ever, this is immaterial in view of the fact that coverage is not controverted.

ally verbatim into Section 24–106, T.C.A., which provides:

> Nothing in any section of this chapter shall be construed to require the parties, or either of them, to be put under the rule, when witnesses in any cause in which the rule has been applied for and granted.

■ Any fair, reasonable and just interpretation of this statutory exemption encompasses the designated representative of a corporate party. The Legislature could not have intended that the rule be applied in such a manner as to leave an individual party in the courtroom while stripping a corporate party of any representation.

In Section 1198, *Tennessee Procedure in Law Cases*, Higgins and Crownover (1937), the rule respecting corporate parties is correctly stated:

> The *uniform* practice is to allow some officer or agent of a corporation which is a party to the litigation to remain in court for the purposes of the trial and to be treated as a party. Under the practice the attorney may designate the one whom he desires to remain during the trial, even though that person may be subsequently called as a witness. (Emphasis supplied).

■ We hold that this is the prevailing and proper practice. This rule originated in *Lenoir Car Co. v. Smith*, 100 Tenn. 127, 42 S.W. 879 (1897). Commenting upon this case and its rule in *Adolff v. Irby and Gilleland*, 110 Tenn. 222, 75 S.W. 710 (1903), Chief Justice Beard, who also authored *Lenoir Car*, said:

> [There] the proper application of this act [now Section 24–106, T.C.A.] came up for consideration by this court, upon the action of the trial judge, who declined to extend its benefits to an officer of a corporation, whose testimony was important, as bearing on the issues involved, and yet whose presence during the trial was essential to the proper presentation of the case; and we held that though the corporation was, and this officer was not, a party to the record, yet he was within the spirit of the act, and that his compe-

tency as a witness was not affected by the fact that, in violation of the rule, he remained in the court while the trial was in progress. This ruling was a radical, but a proper, departure from the doctrine of the earlier cases. 110 Tenn. at 225, 75 S.W. at 711.

■ We hold that under Section 24–106, T.C.A., a corporate party is entitled to have a representative in the courtroom during the progress of the trial and that the designated representative may not be placed under the rule. This is a statutory right and the trial judge has no discretion about the matter. This holding, however, leaves intact the trial judge's discretion as to witnesses not exempted under the statute. That discretion, however, should be judiciously exercised in the light of established practices and procedures.

We hold that the trial judge erred in excluding the witness, James Moore, from the courtroom.

■ No assignment, however, attacks the validity of the trial judge's award in the case at bar. The brief and argument do not even assert that the exclusion of this witness had any effect upon the outcome of the trial. Able counsel, understandably aggrieved at the ruling of the trial judge, argues eloquently and with outraged conviction that the error was plainly and palpably erroneous to the extent that reversal should follow irrespective of a showing of actual prejudice. We understand; but we cannot agree. We find nothing in this record that would justify a holding that the error had any direct bearing on the results of the trial.

Affirmed.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concurring.