STATE of Tennessee, Appellee,

v.

**Donald UPCHURCH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 2, 1980.

Permission to Appeal Denied by Supreme Court July 28, 1980.

Abridged Opinion Sept. 1, 1981.

## ABRIDGED OPINION

WALKER, Presiding Judge.

(With the concurrence of the court, the original opinion has been abridged for publication.)

The appellant, Donald Upchurch, was indicted by the Warren County grand jury for, inter alia, four counts of murder in the second degree, driving while intoxicated, and possession of marijuana, all arising out of an automobile accident in Warren County. The appellant was tried February 6, 1979, to February 9, 1979. A jury of Warren County residents was selected on February 6, 1979, at the McMinnville Civic Center in Warren County. However, the remainder of the trial was held over appellant's objection in DeKalb County. The appellant was convicted there by the Warren County petit jury of four counts of murder in the second degree, driving while intoxicated, and possession of marijuana. The jury fixed appellant's punishment at ten years' imprisonment for each count of murder in the second degree and six months' imprisonment on each of the other counts. The trial judge ordered that the sentences be served consecutively. Upchurch now appeals to this court.

We reverse and remand for a new trial.

The appellant does not attack the sufficiency of the convicting evidence. However, proof elicited at trial showed that the appellant on July 24, 1978, was involved in an automobile accident in which four persons were killed. The proof further showed that the appellant was operating his automobile in a reckless manner and was intoxicated. Marijuana was found near appellant's wrecked vehicle. The appellant did not testify. However, a former codefendant and passenger in appellant's automobile, Andy Kresta, testified for the state.

In the appellant's first issue presented for review, he claims that the trial judge erred in transferring the situs of his trial from Warren County to DeKalb County over his objection. The appellant contends that he has a constitutional and statutory right to be tried in the county in which the crime was alleged to have been committed.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., J. W. Luna, Asst. Dist. Atty. Gen., Manchester, for appellee.

Larry B. Stanley, McMinnville, for appellant.

"The venue in all criminal prosecutions, as fixed by the Constitution of the state, 'is the county in which the crime shall have been committed,' ..." *History of a Lawsuit*, 8th Ed., Gilreath and Aderholt, Sec. 44.

"The word venue is said to be derived from the Norman-French *visne*, which was the old name for a jury, because formerly the jurors were taken *de vicineto*, from the neighborhood where the matters in question had taken place. The word, in the use now made of it, is synonymous with the expression, 'place of trial', and we mean by the use of it, the *county* in which the action is to be tried." *History of a Lawsuit*, supra, sec. 40.

Article I, sec. 9, of the Tennessee Constitution, provides in part that in all criminal prosecutions by indictment or presentment the accused has a right to "a speedy public trial, by an impartial jury of the county in which the crime shall have been committed." This provision has been interpreted to require that the accused be tried in the county in which the crime is alleged to have been committed. *Lester v. State*, 212 Tenn. 338, 370 S.W.2d 405 (1963); *Chadwick v. State*, 201 Tenn. 57, 296 S.W.2d 857 (1956). On appeal, the state urges a literal interpretation of the constitutional provision and contends that there was no violation in this case in moving the situs of the trial inasmuch as the petit jury consisted of Warren County residents. The state argues that the constitutional provision refers only to the composition of the petit jury, not the situs of the trial.

However, even if we were to adopt the state's interpretation of Article I, sec. 9, this would not resolve this issue in that sources of Tennessee law other than the constitution provide that an accused must be tried in the county in which the crimes are alleged to have been committed. Part V of the Tennessee Rules of Criminal Procedure addresses the issue of venue in criminal cases. Rule 18(a), Tenn.R.Crim.P., states that "except as otherwise provided by statute or by these rules, offenses shall be prosecuted in the county where the offense was committed." Likewise, T.C.A.

sec. 40–104, which was repealed effective July 1, 1979, by Tenn.Pub.Acts 1979, ch. 399, stated that "The local jurisdiction of all offenses, unless it is otherwise provided by law, is in the county in which the offense was committed." Clearly, the appellant was entitled to a trial in Warren County and the trial judge erred in transferring the situs of the trial over appellant's objection to DeKalb County. Appellant's conviction is void.

■ Moreover, the trial judge also erred in that it was improper to hold, over the appellant's objection, the Warren County Circuit Court outside of Warren County. T.C.A. sec. 16–105; *History of a Lawsuit*, supra, sec. 39.

Next, the appellant claims that the trial judge erred in allowing a state witness to be recalled after a violation of "the rule."

On the second day of trial, James Vaughn testified that he followed the appellant's automobile for a short distance and witnessed the collision. However, Vaughn's description of the location of certain landmarks along the highway had the effect of placing Vaughn at a point beyond the collision.

■ On the third day of trial the state, while still presenting its case in chief, recalled Vaughn to the stand to correct his testimony concerning the landmarks. At a hearing to determine whether the state would be allowed to recall Vaughn, the proof indicated that after Vaughn testified on the second day of trial he rode home with Mike Perry, another state witness who had completed his testimony. Perry told Vaughn that he was mistaken in his description of the landmarks. Testimony further indicated that the next day an investigator with the district attorney general's office contracted Vaughn and requested Vaughn to accompany him to the scene of the collision. It is not clear from the transcript what, if anything, the investigator told Vaughn concerning the inconsistencies in his testimony. "There is no statute which requires that any witness be sequestered or 'put under the rule.' The practice

as we know it today is of relatively ancient origin and is designed and favored as a mode of eliciting the truth." *Chamberlain v. Aetna Life & Cas. Ins. Co.*, 593 S.W.2d 661 (Tenn.1980). The "rule" or the act of placing witnesses under the rule means that the witnesses are to be excluded from the courtroom during the testimony of other witnesses, separated from the witnesses, and examined individually during the trial. *Nelson v. State*, 32 Tenn. 237 (1852); *E. D. Rainwater v. Thomas A. Elmore*, 48 Tenn. 363 (1870); see generally Higgins and Crownover, *Tennessee Procedure in Law Cases*, sec. 1195 (1937).

In *Tennessee Procedure in Law Cases*, supra, sec. 1200, it is said:

"The rule is not applicable to witnesses who are introduced in rebuttal, or for the purpose of contradicting or impeaching previous testimony. Character witnesses are not subject to the rule.

"While there is nothing which makes it imperative that a witness once examined be excluded from the court-room, it is within the discretion and the power of the court so to do if such witness is to be recalled. But it is not error to permit a witness, who after examination remains in the court-room and hears substantial evidence, to be called for further examination."

Generally, "the rule" has no application once the witness has testified and he or she may remain in the courtroom or discuss the case with other witnesses who have completed their testimony. The reason for relaxation of "the rule" after the witness has testified is because if the witness is recalled the purpose will probably be for rebuttal or impeachment and this type witness is, in any event, exempt from "the rule." Where, as in this case, the witness is recalled for further direct testimony, we feel that the witness should remain subject to the rule. Vaughn's discussion with Perry was a violation of the rule. However, whether to allow or not allow the testimony of a witness who has violated the rule is within the discretion of the trial court. *Jones v. State*, 548 S.W.2d 329 (Tenn.Cr.

App.1976); *State ex rel. Lingerfelt v. Gardner*, 591 S.W.2d 777 (Tenn.Cr.App.1979). *Chamberlain v. Aetna Life & Cas. Ins. Co.*, supra. We find no abuse of discretion.

Reversed and remanded for a new trial.

DAUGHERTY and SCOTT, JJ., concur.