IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 14, 2004 Session

## ROGER NEAL JAMES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. 3-259      William B. Acree, Jr., Judge**

---

**No. W2004-00302-CCA-R3-PC  - Filed November 4, 2004**

---

The petitioner, Roger Neal James, appeals the denial of post-conviction relief.  The issues are whether the petitioner was denied the effective assistance of counsel and whether the jury was racially biased.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Danny H. Goodman, Jr., Tiptonville, Tennessee, for the appellant, Roger Neal James.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1999, the petitioner and a co-defendant were convicted of sale of cocaine in excess of .5 grams in a school zone, a Class A felony.  See Tenn. Code Ann. §§ 39-17-417, 39-17-432.  The trial court ordered a sentence of twenty-five years.  On direct appeal, this court affirmed both the conviction and sentence.  See State v. Roger Neal James and George Osborne Wade, No. W2000-01301-CCA-R3-CD (Tenn. Crim. App., at Jackson, March 15, 2002).  Our supreme court denied permission to appeal on September 30, 2002.

On August 26, 2003, the petitioner filed a pro se petition for post-conviction relief, asserting that he was entitled to a new trial on the basis of newly discovered evidence.  The post-conviction court appointed counsel and, in an amended petition, the petitioner alleged that he was denied the effective assistance of counsel and contended that the convicting jury had been "unconstitutionally selected and impaneled."

At the evidentiary hearing, the petitioner, an African-American, testified that his all-white jury was not "a jury of his peers." He claimed that there was only one African-American woman in the jury pool and that she was excused from service "because of family reasons." The petitioner also contended that his trial counsel was ineffective for failing to object to the makeup of the jury pool, failing to advise him of sentence enhancement under the Drug-Free School Zone Act, failing to call certain witnesses, failing to introduce the audiotape of the drug transaction, and failing to cross-examine the state's witnesses. He complained that trial counsel met with him only once prior to trial and that prior to trial, he had rejected a twenty-five-year plea offer from the state because he did not understand that he was subject to an enhanced sentence for having committed the offense in a school zone. According to the petitioner, he had asked his trial counsel to subpoena George Gentry as a witness for the trial. The petitioner claimed that he was helping Gentry move furniture on the day of the offense and that Gentry could provide an alibi. He testified that he had also requested that trial counsel use his parents as witnesses because they would confirm that he was not a drug dealer. The petitioner asserted that trial counsel was ineffective by failing to cross-examine any of the state's witnesses and failing to object when he was cross-examined on a pending drug charge. The petitioner concluded, "I just feel like he didn't represent me the way he should have [and, if he had,] I probably wouldn't be in this mess."

Trial counsel, Colin Johnson, who was an assistant public defender, testified that he did not object to the jury pool because he knew of no evidence of systematic exclusion of minorities and did not believe that there was a legal basis for challenge. Trial counsel stated that his notes documented several pre-trial meetings with the petitioner and confirmed that his investigator had also met with the petitioner. He specifically recalled advising the petitioner that because the crime had occurred within a school zone, he was subject to an enhanced sentence and would have to serve one hundred percent of his term if convicted. According to trial counsel, his case file established that the petitioner had rejected a pre-trial plea offer of fifteen years' incarceration and a $2,500 fine. Although he could not recall the contents of the audiotape of the drug transaction, trial counsel contended that he had listened to the tape in advance of the trial and had determined that it would not be helpful to the defense. Trial counsel testified that the petitioner never identified George Gentry as a witness but did identify Ralph Adams, the owner of the rental property where the offense occurred. He remembered that the petitioner had claimed that Adams hired him to clean carpets on the day of the offense but that when his investigator interviewed Adams, Adams had no recollection of having employed the petitioner to do so. Trial counsel testified that he had strenuously objected to proof of the petitioner's pending drug charge. While he could not recall cross-examining the state's witnesses, he conceded that he may not have done so if the witnesses had not "hurt" the defense.

The post-conviction court denied the petition, first concluding that although trial counsel had presented the issue of racial composition of the jury at trial, he had not pursued the issue on appeal and waiver, therefore, applied. The post-conviction court specifically accredited the testimony of trial counsel regarding the petitioner's claims of ineffective assistance of counsel, finding that trial counsel had met with the petitioner sufficiently prior to trial and had explained sentencing under the Drug-Free School Zone Act. The post-conviction court also observed that because the petitioner had

failed to file the audiotape of the drug transaction at the evidentiary hearing on the post-conviction petition, any claim of ineffectiveness could not be sustained. It also ruled that the trial transcript established that the state's witnesses had, in fact, been cross-examined by defense counsel during the trial. Finally, the post-conviction court concluded that because the admissibility of the pending drug charge had been challenged on direct appeal and rejected as a basis for relief, the petitioner was not entitled to post-conviction relief.

I

Initially, the petitioner asserts that he is entitled to a new trial because minorities were unconstitutionally excluded from the jury pool. The state contends that the issue is waived for failure to raise it on direct appeal.

Tennessee Code Annotated section 40-30-106, which governs preliminary consideration of post-conviction petitions, provides in pertinent part as follows:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-106(g).

Although the transcript of the trial is not included in the record on appeal, this court may take judicial notice of its own records on file. See Tenn. R. App. P. 13(c); James William Dash v. Howard W. Carlton, Warden, No. E2001-02867-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Sept. 11, 2002). The post-conviction court, which had the benefit of the transcript, found that trial counsel had objected to the jury pool prior to trial. The issue was not raised on direct appeal. The petitioner does not assert in this proceeding that his trial counsel was ineffective for failing to raise the issue on appeal. In consequence, this is not a ground for relief in this post-conviction proceeding. See State v. Eddie Howard Pittman v. State, No. W-2002-02892-CCA-R3-PC (Tenn. Crim. App., at Jackson, March 18, 2004); see also Milton Lee Cooper v. State, No. E2001-01527-CCA-R3-PC (Tenn. Crim. App., at Knoxville, Nov. 18, 2002) (addressing otherwise waived jury instruction issue where petitioner asserted ineffective assistance of appellate counsel).

Even if the issue had not been waived, however, the petitioner still would not be entitled to relief. Article I, section 9, of the Tennessee Constitution guarantees all criminal defendants a right to a jury from "the County in which the crime shall have been committed." Tenn. Const. art. I, § 9; see also State v. Upchurch, 620 S.W.2d 540, 542 (Tenn. Crim. App. 1980) (stating that "an accused

must be tried in the county in which the crimes are alleged to have been committed"). Moreover, a criminal defendant has a constitutional right to a jury drawn from a venire that represents a fair cross-section of the community. "Selection of a petit jury from a representative cross-section of the community is an essential component of the Sixth Amendment right to a jury trial." State v. Bell, 745 S.W.2d 858, 860 (Tenn. 1988) (citing Taylor v. Louisiana, 419 U.S. 522 (1975)). In Duren v. Missouri, 439 U.S. 357, 364 (1979), the United States Supreme Court listed the criteria for establishing a prima facie violation of the requirement of a fair cross-section:

> (1) the group alleged to be excluded is a "distinctive group" within the community;
>
> (2) the representation of the group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
>
> (3) this underrepresentation is due to systematic exclusion of the group in the jury selection process.

See also State v. Buck, 670 S.W.2d 600, 610 (Tenn. 1984); Adkins v. State, 911 S.W.2d 334 (Tenn. Crim. App. 1995).

Although the African-American population of Obion County would constitute a "distinctive group in the community," the petitioner did not produce any evidence at the evidentiary hearing that African-Americans were underrepresented on the venires or that there was a systematic exclusion of African-Americans from the jury selection process. At the post-conviction hearing, the petitioner conceded that he could not establish either deficiency in the performance of his trial counsel or prejudice in the results of the trial as to this issue, stating, "I don't have any physical proof [in support of this claim], no more than my word." See Strickland v. Washington, 466 U.S. 668 (1984). In our view, relief was properly denied.

II

Next, the petitioner contends that trial counsel was ineffective for failing to object to the jury pool, failing to advise him that his sentence would be enhanced under the Drug-Free School Zone Act, and failing to call material witnesses. The state disagrees.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693. Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a [petitioner] must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the

-4-

ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving the allegations in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). Evidence is clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from the evidence. Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). The credibility of the witnesses and the weight and value to be afforded their testimony are questions to be resolved by the trial court. Bates v. State, 973 S.W.2d 615 (Tenn. Crim. App. 1997). When reviewing the application of law to those factual findings, however, our review is de novo, and the trial court's conclusions of law are given no presumption of correctness. Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001); see also State v. England, 19 S.W.3d 762, 766 (Tenn. 2000).

As indicated, the post-conviction court determined that, contrary to the petitioner's assertions, the trial record established that trial counsel did object to the makeup of the jury pool prior to trial. Under these circumstances, no fault can be attributed to trial counsel. Furthermore, had the petitioner alleged that his counsel was deficient for failing to present the issue on appeal, nothing in the evidentiary hearing establishes that any prejudice resulted.

The petitioner also asserts that trial counsel was ineffective for failure to explain sentence enhancement under the Drug-Free School Zone Act. See Tenn. Code Ann. § 39-17-432. Trial counsel testified at the evidentiary hearing that he met with the petitioner on several occasions prior to trial and thoroughly explained sentence enhancement under the Act. The post-conviction court specifically found that "the testimony of the petitioner's trial counsel [was] more credible than the testimony of the petitioner." Our scope of review is limited. In our view, the evidence does not

preponderate against the post-conviction court's conclusion that trial counsel was not ineffective in his pre-trial advice to the petitioner.

Finally, the petitioner contends that trial counsel was ineffective for failing to call certain material witnesses to testify at trial. At the post-conviction hearing, the petitioner testified that he had asked trial counsel to call George Gentry to establish an alibi. Gentry, however, was not a witness. When a petitioner contends that trial counsel failed to discover, interview, or present a witness in support of his defense, he should present that witness at the evidentiary hearing on the post-conviction claim. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The petitioner also claimed that he wanted trial counsel to call his parents to testify that he was not a drug dealer. Because the petitioner's parents also did not testify at the evidentiary hearing, the record does not demonstrate any entitlement to relief. Moreover, it is unlikely that such evidence would have been helpful to the defense at trial. See Tenn. R. Evid. 402.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-6-